IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAMELA ALEXANDER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-07-CV-1486-M |
| | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Plaintiff Pamela Alexander has filed a motion to compel discovery in this civil action brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. At issue are document requests pertaining to: (1) the role of two Hartford employees who reviewed plaintiff's disability claim; (2) the role of two third-party medical consultants; and (3) the interpretation of the disability plan and the decision to deny benefits. In addition, plaintiff seeks an order requiring defendant to provide narrative answers to two contention interrogatories. Defendant objects that the information and documents sought by plaintiff are beyond the scope of discovery permitted in an ERISA action, which is generally limited to the administrative record, and that some of the discovery requests are overly broad, vague, and ambiguous. The parties have briefed their respective positions in a Joint Status Report filed on March 28, 2008, and the motion is ripe for determination.

A.

With limited exceptions, discovery in an ERISA action seeking judicial review of the denial of benefits is restricted to consideration of the administrative record. *See Vega v. National Life*

*Insurance Services, Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (en banc). One such exception is where the participant or beneficiary alleges that the plan administrator operates under a conflict of interest. *See, e.g. Faykus-Orr v. Liberty Life Assurance Co. of Boston*, No. 3-06-CV-0750-D, 2006 WL 3734213 at *1 (N.D. Tex. Dec. 18, 2006) (Kaplan, J). In such cases, discovery outside the administrative record is permitted to enable the beneficiary to develop evidence demonstrating the extent of the conflict. *Id.; see also Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 356 (5th Cir. 2004) ("There is no practical way for the extent of the administrator's conflict of interest to be determined without [ ] going beyond the record of the administrator."). The extent of the administrator's conflict of interest is relevant in ERISA cases because "[t]he greater the evidence of conflict on the part of the administrator, the less deferential [the court's] abuse of discretion standard will be." *Vega*, 188 F.3d at 297. *See also Ellis v. Liberty Life Assurance Co. of Boston*, 394 F.3d 262, 270 (5th Cir. 2004), *cert. denied*, 125 S.Ct. 2941 (2005) ("The degree to which a court must abrogate its deference to the administrator depends on the extent to which the challenging party has succeeded in substantiating its claims that there is a conflict.").

Here, five document requests implicate the conflict of interest exception. In two requests for production, plaintiff seeks:

> Request No. 5:
> Any contracts governing the role played in the claims or appeal process of Pamela Alexander's claim by Amy Boys.
>
> Request No. 6:
> Any contracts governing the role played in the claims or appeal process of Pamela Alexander's claim by Diane Farley.

(Jt. Stat. Rep., Exh. B at 6-7). Both Boys and Farley are Hartford employees who were involved in the decision to deny plaintiff's disability claim. The court agrees with plaintiff that at least some of

the documents covered by this discovery request may shed light on the extent of defendant's conflict of interest in both administering and insuring the plan. *See Faykus-Orr*, 2006 WL 3734213 at *2. More particularly, the court would be justified in giving defendant's decision to deny benefits less deference if discovery revealed that its decisionmakers were compensated or rewarded for cutting benefits or denying claims. *See Lain v. UNUM Life Insurance Co. of America*, 279 F.3d 337, 343 n.7 (5th Cir. 2002) (district court justified in finding that administrator's decision was entitled to a "modicum less deference" under sliding-scale analysis where employees received substantial financial bonus incentives to deny claims); *Faykus-Orr*, 2006 WL 3734213 at *2; *Pylant v. Hartford Life and Accident Insurance Co.*, No. 3-05-CV-0379-G, op. at 4 (N.D. Tex. Jan. 20, 2006) (Kaplan, J.), *aff'd*, 2006 WL 3247314 (N.D. Tex. Nov. 9, 2006) (same); *Arensberg v. UNUM Life Insurance Co. of America*, No. 3-02-CV-0108-P, 2003 WL 23193265 at *13 (N.D. Tex. Aug. 27, 2003) (evidence of financial arrangement that rewarded administrator for cutting benefits was a factor in determining abuse of discretion). To the extent any of the documents specified in Request Nos. 5 & 6 reveal the manner or formula by which Boys and Farley are compensated, or show that these employees had a financial incentive to reduce benefits or deny disability claims, those documents must be produced. Otherwise, defendant need not produce documents responsive to Request Nos. 5 & 6.

Three other requests for production seek documents pertaining to the relationship between defendant and two of its outside medical consultants--University Disability Consortium and Dr. Elizabeth Roaf:

> Request No. 7:
> Any contracts governing the role played in the claims or appeal process of Pamela Alexander's claim by University Disabiity Consortium.
>
> Request No. 8:
> Any contracts governing the role played in the claims or appeal process of Pamela Alexander's claim by Elizabeth Roaf, M.D.
>
> Request No. 12:
> All invoices, payment ledgers or receipts, and correspondence with any consultants or other persons involved in the claims or appeal process, such as University Disability Consortium and Elizabeth Roaf, M.D.

(Jt. Stat. Rep., Exh. B at 8-9, 10). Courts are split as to whether an ERISA plaintiff is entitled to discovery materials relating to potential conflicts of interest involving third parties. *See Faykus-Orr*, 2006 WL 3734213 at *2 (citing cases). Although the Fifth Circuit has not addressed this precise issue, judges in this district have held that any conflict of interest on the part of a third-party consultant is irrelevant to the abuse of discretion inquiry. *Id.*; *see also Bray v. Fort Dearborn Life Insurance Co.*, No. 3-06-CV-0560-B, op. at 3 (N.D. Tex. Dec. 13, 2006) (Kaplan, J.). As Judge Fish explained in *Pylant v. Hartford Life and Accident Insurance Co.*, No. 3-05-CV-0379-G, 2006 WL 3247314 (N.D. Tex. Nov. 9, 2006), *aff'd*, 497 F.3d 536 (5th Cir. 2007):

> Potential conflicts of interest resulting in a lower level of deference concern conflicts between the insurer and the administrator, not extraneous third parties. The information sought by the plaintiff [ ] involved the relationship between Dr. Trock and the defendants and/or between University and the defendants. The only conflict of interest applicable in this case is the internal conflict of Hartford due to its dual role as administrator and insurer. The relationship between Hartford and Dr. Trock or between Hartford and University is irrelevant to the determination of whether Hartford, as the decision maker, was conflicted; neither Dr. Trock nor University was vested with the authority to terminate [plaintiff's] benefits.

*Pylant*, 2006 WL 3247314 at *6 (internal citations omitted). Like *Pylant*, neither University Disability Consortium nor Dr. Roaf made the decision to deny plaintiff's claim for disability benefits. Therefore, any conflict of interest on the part of these third-party consultant is irrelevant to the abuse of discretion inquiry.

B.

Next, plaintiff seeks policy statements, guidelines, rules, and protocols pertaining to the long-term disability plan and the decision to deny her claim for benefits:

> Request No. 13:
> Each document constituting a statement of policy or guidance with respect to the long-term disability plan concerning the denied benefits for Pamela Alexander's condition, without regard to whether such settlement was relied upon in making the benefit determination.
>
> Request No. 14:
> Each internal rule, guideline, protocol or similar criteria that was relied upon in making a determination on Pamela Alexander's claim.
>
> Request No. 15:
> Any internal rule, guideline, protocol or other similar criteria providing that Defendant must have "objective evidence" on which to approve Pamela Alexander's claim.

(Jt. Stat. Rep., Exh. B. at 11-15). Defendant objects that these document requests seek discovery regarding alleged procedural violations. (*See* Jt. Stat. Rep. at 27-28). While defendant is correct in asserting that "[d]iscovery of the actions taken . . . to ensure that plaintiff's claim was determined in accordance with the plan documents and federal law is simply not permitted in an ERISA case," *Faykus-Orr*, 2006 WL 3734213 at *3, the court does not interpret these requests as seeking documents intended to show compliance or non-compliance with procedural regulations. Rather, the court reads Request Nos. 13, 14 & 15 to seek documents indicating how defendant interpreted

the long-term disability policy and the terms used therein. Discovery of such information is permitted. *Id.* (requiring production of claims handling procedure manuals, bulletins and memos relating to the policy to the extent such documents exist); *see also Griffin v. Raytheon Company Long Term Disability Plan No. 558*, No. 3-04-CV-2179-D, 2005 WL 4891214 at *3 (N.D. Tex. Aug. 31, 2005) (upholding discovery of claims guidelines as relevant to question of how the administrator has interpreted the plan in other instances). If there are any policy statements, guidelines, rules, or protocols indicating how defendant interpreted the plan in other instances, defendant must produce those documents to plaintiff.

Request No. 2 seeks:

> Any contract or other instrument under which the plan governing Pamela Alexander's claim was established or operated.

(Jt. Stat. Rep., Exh. B. at 5). Defendant objects that this request is overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. (*See id.*). Subject to its objections, defendant refers plaintiff to Group Long Term Disability Policy No. GLT-674187, which is included in the administrative record. (*Id.*). According to defendant, the policy itself is the only document responsive to this discovery request. (*See* Jt. Stat. Rep. at 24) ("To the extent Hartford has any documents in its possession responsive to this request, they have been produced."). However, plaintiff speculates that defendant may be withholding responsive documents such as administrative services agreements, instruments containing directives or guidance on how defendant has interpreted the plan, or contracts revealing whether claims administrators were compensated or rewarded for cutting benefits or denying claims. (*See id.* at 9). Such documents, if they exist, would be relevant and discoverable. *Faykus-Orr*, 2006 WL 3734213 at *2-3; *Pylant*, No. 3-05-CV-0379-G,

the long-term disability policy and the terms used therein. Discovery of such information is permitted. *Id.* (requiring production of claims handling procedure manuals, bulletins and memos relating to the policy to the extent such documents exist); *see also Griffin v. Raytheon Company Long Term Disability Plan No. 558*, No. 3-04-CV-2179-D, 2005 WL 4891214 at *3 (N.D. Tex. Aug. 31, 2005) (upholding discovery of claims guidelines as relevant to question of how the administrator has interpreted the plan in other instances). If there are any policy statements, guidelines, rules, or protocols indicating how defendant interpreted the plan in other instances, defendant must produce those documents to plaintiff.

Request No. 2 seeks:

> Any contract or other instrument under which the plan governing Pamela Alexander's claim was established or operated.

(Jt. Stat. Rep., Exh. B. at 5). Defendant objects that this request is overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. (*See id.*). Subject to its objections, defendant refers plaintiff to Group Long Term Disability Policy No. GLT-674187, which is included in the administrative record. (*Id.*). According to defendant, the policy itself is the only document responsive to this discovery request. (*See* Jt. Stat. Rep. at 24) ("To the extent Hartford has any documents in its possession responsive to this request, they have been produced."). However, plaintiff speculates that defendant may be withholding responsive documents such as administrative services agreements, instruments containing directives or guidance on how defendant has interpreted the plan, or contracts revealing whether claims administrators were compensated or rewarded for cutting benefits or denying claims. (*See id.* at 9). Such documents, if they exist, would be relevant and discoverable. *Faykus-Orr*, 2006 WL 3734213 at *2-3; *Pylant*, No. 3-05-CV-0379-G,

the long-term disability policy and the terms used therein. Discovery of such information is permitted. *Id.* (requiring production of claims handling procedure manuals, bulletins and memos relating to the policy to the extent such documents exist); *see also Griffin v. Raytheon Company Long Term Disability Plan No. 558*, No. 3-04-CV-2179-D, 2005 WL 4891214 at *3 (N.D. Tex. Aug. 31, 2005) (upholding discovery of claims guidelines as relevant to question of how the administrator has interpreted the plan in other instances). If there are any policy statements, guidelines, rules, or protocols indicating how defendant interpreted the plan in other instances, defendant must produce those documents to plaintiff.

Request No. 2 seeks:

> Any contract or other instrument under which the plan governing Pamela Alexander's claim was established or operated.

(Jt. Stat. Rep., Exh. B. at 5). Defendant objects that this request is overly broad, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence. (*See id.*). Subject to its objections, defendant refers plaintiff to Group Long Term Disability Policy No. GLT-674187, which is included in the administrative record. (*Id.*). According to defendant, the policy itself is the only document responsive to this discovery request. (*See* Jt. Stat. Rep. at 24) ("To the extent Hartford has any documents in its possession responsive to this request, they have been produced."). However, plaintiff speculates that defendant may be withholding responsive documents such as administrative services agreements, instruments containing directives or guidance on how defendant has interpreted the plan, or contracts revealing whether claims administrators were compensated or rewarded for cutting benefits or denying claims. (*See id.* at 9). Such documents, if they exist, would be relevant and discoverable. *Faykus-Orr*, 2006 WL 3734213 at *2-3; *Pylant*, No. 3-05-CV-0379-G,

op. at 4. While the court cannot compel defendant to produce documents that do not exist, defendant will be required to supplement its response to Request No. 2 and produce "any contract or other instrument under which the plan governing Pamela Alexander's claim was established or operated," or affirmatively state that no responsive documents exist other than the disability policy.

C.

Finally, plaintiff seeks an order compelling defendant to answer the following contention interrogatories:

> Interrogatory No. 1:
> Please state the basis for each of the denials expressed in Defendant's Original Answer.
>
> Interrogatory No. 2:
> Please state the basis for each of the affirmative defenses expressed in Defendant's Original Answer.

(Jt. Stat. Rep., Exh. A at 5). Subject to its boilerplate objections that the interrogatories are overly broad, vague, and ambiguous, defendant generally refers plaintiff to the entire administrative record. (*Id.*). Plaintiff counters that she is entitled to narrative answers to the interrogatories.

It is widely accepted that "contention interrogatories," which ask a party to state the facts upon which it bases a claim or defense, are a permissible form of written discovery. Indeed, Rule 33(a)(2) of the Federal Rules of Civil Procedure explicitly provides that "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact[.]" Fed. R. Civ. P. 33(a)(2). While the obligation to respond to such interrogatories may be postponed until near the end of the discovery period, *see id.*, discovery in this

case is now closed.[1] Defendant should be able to *generally explain* the factual basis for each of the denials and affirmative defenses pled in its original answer. That is all the interrogatories require. Moreover, the court determines that defendant should be required to provide narrative answers to the interrogatories, without reference to documents. Notwithstanding the provisions of Rule 33(d),[2] a court has discretion to require narrative answers to contention interrogatories. *See Barkley v. Life Insurance Co. of North America*, No. 3-07-CV-1498-M, 2008 WL 450138 at *1 (N.D. Tex. Feb. 19, 2008), *as modified*, (N.D. Tex. Mar. 12, 2008) (Kaplan, J.), *citing In re Pabst Licensing GmbH Patent Litigation*, No. 99-MD-1298, 2001 WL 797315 at *9 (E.D. La. Jul. 12, 2001) (requiring defendant to provide narrative answers to contention interrogatories in ERISA action); Fed. R. Civ. P. 26(b)(2)(C) (court has authority to limit extent of discovery otherwise allowed by federal rules). This should not be unduly burdensome or oppressive, as it only requires defendant to generally explain why the documents cited in its interrogatory answers support a particular denial or affirmative defense.

---

[1] The deadline for completing fact and expert discovery expired on February 11, 2008. *See* Sch. Order, 12/14/07 at 3, ¶ 9.

[2] Rule 33(d) of the Federal Rules of Civil Procedure provides:

> If the answer to an interrogatory may be determined by examining, auditing, compiling, abstracting, or summarizing a party's business records . . ., and if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by:
>
> (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could; and
>
> (2) giving the interrogating party a reasonable opportunity to examine and audit the records and to make copies, compilations, abstracts, or summaries.

Fed. R. Civ. P. 33(d).

## CONCLUSION

For these reasons, plaintiff's motion to compel discovery [Doc. #18] is granted in part. Defendant shall provide narrative answers to Interrogatory Nos. 1 & 2 and produce the documents specified in Request Nos. 2, 5, 6, 13, 14 & 15 in accordance with the terms of this order by **April 17, 2008.** In all other respects, plaintiff's motion is denied.

SO ORDERED.

DATED: April 3, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE